GREENWALD BROS., Inc., v. WIEST et al.

(Circuit Court, M. D. Pennsylvania. December 16, 1911.)

PATENTS (§ 202*)—AGREEMENT OF SETTLEMENT WITH INFRINGER—CONSTRUCTION.

By the terms of a settlement and agreement between complainant, as owner of a patent for a skirt, and an alleged infringer, the infringer admitted the making of 351 skirts which infringed the patent and agreed to pay a stated sum as liquidated damages therefor, in consideration of which complainant did "hereby release, remise and forever quitclaim unto the said (infringer) all claims and demands whatsoever for profits, damages or otherwise by reason of the infringement * * * by making, using or vending the skirts patented therein to the number of 351 skirts as aforesaid." *Held*, that by such agreement and release the said 351 skirts theretofore made were wholly released from the monopoly of the patent and could be sold or used by any one free from any claim of complainant thereunder, and that its effect could not be limited by parol to such skirts as had been previously sold by the infringer, which would contradict its express terms.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 202.*]

In Equity. Suit by Greenwald Bros., Inc., against Henry S. Wiest and Kate C. Wiest, administratrix, trading as P. Wiest's Sons, and others. On motion for preliminary injunction. Motion denied.

Joseph C. Fraley, for complainant.
Alan D. Kenyon, for defendants.

WITMER, District Judge. The bill of complaint charges the defendants with infringement of letters patent of the United States, No. 662,714, owned by the complainant, whereby it has secured the full and exclusive right to make, use, and vend ladies skirts embodying the invention claimed in said patent, praying for the usual relief.

The case is before the court on motion for preliminary injunction. The charge of infringement appears to be against a jersey top skirt sold by William Epstein & Bro. of New York to the defendants, P. Wiest's Sons, and resold by them. It is alleged that Epstein & Bro. and complainant, January 25, 1911, made a settlement and agreement involving the manufacture, etc., by the said Epstein & Bro., of 351 skirts infringing the complainant's patent. It has been made to appear that the Eppo skirt sold by the defendant is one of the number

embraced in said settlement, and it now remains to be determined whether the defendant had a right to sell the garment under the terms of the agreement, as contended by counsel.

After Epstein & Bro. agreeing that the number of skirts manufactured by them did not exceed 351, acknowledging infringement and the validity of the patent and promising not to contest the same, the agreement proceeds:

"The said Wm. Epstein & Bro. hereby covenant and agree to pay the said Greenwald Bros., Inc., the sum of one hundred dollars ($100) in cash immediately upon the sealing and delivery hereof, as liquidated damages for the above-mentioned number of three hundred and fifty-one infringing skirts heretofore made by them, but none others, said damages being computed and agreed to as at the rate of one hundred dollars on the three hundred and fifty-one skirts in view of the peculiar circumstances of this case and of the willingness of the said Wm. Epstein & Bro. to settle the same without litigation.

"In consideration of the above declaration and affidavit of the said Wm. Epstein & Bro., and of the above covenants and payment on their part, the said Greenwald Bros., Inc., hereby release, remise, and forever quitclaim unto the said Wm. Epstein & Bro. all claims and demands whatsoever for profits, damages or otherwise, by reason of the infringement of said letters patent by the said Wm. Epstein & Bro. by making, using or vending the skirts patented therein, to the number of three hundred and fifty-one skirts as aforesaid."

The complainant has attempted, by parol, to show that the settlement and agreement was expressly restricted to skirts which had theretofore been sold, and that it was intended to prohibit future sales. In this it has not succeeded. It is not only in the face of its written agreement, which fixes the number of skirts manufactured without any intimation of the number sold, but, considering all that is here, it is as well in violence of the proof submitted.

Regarding, therefore, the terms of the agreement, Epstein & Bro. were released not only from the damage of infringement, but from any and all claims and demands whatsoever for the making or vending of the skirts forming the basis of the writing. It is conceded that an infringer does not by paying damages for making and using a device in violence of a patent acquire thereby any right to himself to use the same in the future; neither will his vendee be in a better position; and that, furthermore, the recovery and satisfaction of a judgment for damages against one wrongdoer do not ordinarily confer, upon him or others, the right to continue or repeat the wrong, as was argued by complainant's counsel; but this is not regarded as a case in which payment was alone intended for infringement. The agreement goes further. It releases and quitclaims unto Epstein & Bro. all demands of any nature for the making, using, and vending of the patented article to the number specified, which in my mind carries with it the force and authority of a license from the patentee to use and sell; the same having been wholly released from the monopoly and discharged of all claim of the patentee for their use by anybody.

This being the effect of the patentee's voluntary act in consideration of the sum paid to it, the defendant did not violate any of the exclusive rights of the complainant, and the motion is denied.